IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| JOSE WHITFIELD, § | |
| TDCJ No. 02076950, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 7:18-cv-00066-M-BP |
| § | |
| LORIE DAVIS, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a Petition for a Writ of Habeas Corpus filed by Petitioner Jose Whitfield pursuant to 28 U.S.C. § 2254. ECF No. 1. After considering the pleadings and the applicable law, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M.G. Lynn **DISMISS** the Petition for Writ of Habeas Corpus (ECF No. 1) **with prejudice** as time-barred.

BACKGROUND

Petitioner Jose Whitfield ("Whitfield") is a prisoner confined in the Price Daniel Unit of the Texas Department of Criminal Justice ("TDCJ") in Snyder, Texas. ECF No. 1 at 1. He filed a Petition for a Writ of Habeas Corpus (the "Petition") in this Court on May 16, 2018.

According to the Petition, Whitfield was convicted on June 3, 2016, of manufacturing and delivering a controlled substance, for which he was given a twenty-five-year sentence; aggravated robbery, for which he was given a fifteen-year sentence; and tampering with physical evidence, for which he was given an eight-year sentence. *Id.* at 2. Whitfield did not file a direct appeal or a state habeas petition. ECF No. 1 at at 3. In his Petition in this Court, Whitfield states the following

grounds for habeas relief: (1) ineffective assistance of counsel, (2) evidentiary violations concerning his drug charge, (3) evidentiary violations concerning his tampering charge, and (4) a challenge to the deadly weapon finding in his aggravated robbery charge. *Id.* at 6–7.

As Whitfield's Petition appeared to be time-barred, the Court issued a Show Cause Order. ECF No. 5. Whitfield responded to the Order on June 15, 2018. ECF No. 9. The Court then issued a questionnaire to Whitfield for further clarification. ECF No. 10. Whitfield responded to the questionnaire on July 9, 2018. ECF No. 12.

## LEGAL STANDARD AND ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of several dates, including, relevant to this case, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A). State law determines how long a prisoner has to file a direct appeal. *Roberts v. Cockrell*, 319 F.3d 690, 693–94 (5th Cir. 2003). In Texas, a prisoner has thirty days after the day of conviction to file a timely notice of appeal. Tex. R. App. P. 26.2(a)(1). If the prisoner does not file an appeal in that time, then the conviction becomes final for purposes of AEDPA and the one-year limitations period begins to run when the thirty-day period for filing a notice of appeal ends. *Roberts*, 319 F.3d at 694. A later application for state habeas relief has no effect on AEDPA's limitations period. *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999); *see also Roberts*, 319 F.3d at 694–95; *Scott v. Johnson*, 227 F.3d 260, 262–63 (5th Cir. 2000).

Whitfield was convicted in June 2016. ECF No. 1 at 2. He did not file a direct appeal or a state habeas petition. ECF No. 1 at 3. Therefore his one-year limitations period began to run in

2

July 2016 and ended in July 2017. *See* 28 U.S.C. § 2244(d)(1)(A). The Petition was filed May 16, 2018, almost one year after the end of the statute of limitations period under AEDPA, and therefore the Petition is time-barred.

Whitfield argues that his claims are not barred by AEDPA's statute of limitations because they are based on newly discovered evidence, pursuant to 28 U.S.C. § 2244(d)(1)(D) (tolling until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"). ECF No. 9. When the Court requested that Whitfield explain what the new evidence is and where he discovered it, he stated that he found out about the bases of his claims in legal books while doing research in the prison law library. ECF No. 12 at 2. However, this is not newly discovered evidence; it is newly acquired legal knowledge about old evidence. *See Forbes v. Davis*, No. 4:16-CV-006-A, 2017 WL 244856, at *3 (N.D. Tex. Jan. 19, 2017) (distinguishing between new evidence and new legal arguments against old evidence). Therefore this "new knowledge" does not toll the Petition's statute of limitations under 28 U.S.C. § 2244(d)(1)(D).

The one-year statute of limitations under AEDPA is subject to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). Under Fifth Circuit precedent, limitations may be equitably tolled, thereby saving a time-barred petition, only "in rare and exceptional circumstances . . . ." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). "To obtain the benefit of equitable tolling, [the petitioner] must establish that (1) he pursued habeas relief with 'reasonable diligence,' and (2) some 'extraordinary circumstances' stood in his way and 'prevented' timely filing." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (quoting *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012)).

In his Petition, Whitfield stated that the one-year statute of limitations should not bar his petition because he had no knowledge of the judicial system. ECF No. 1 at 9. His responses to the Court's show-cause order and questionnaire contain similar statements. ECF Nos. 9 and 12. Mere ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling or other exceptions to AEDPA's requirements. *Felder v. Johnson*, 204 F.3d 168, 172–73 (5th Cir. 2000); *Fisher*, 174 F.3d at 714. Whitfield also states that he did not know the law because he did not have access to a law library for a period of time after his conviction, and the time he now has access to the library is limited. ECF Nos. 9 and 12. However, this is not a rare and exceptional circumstance, and mere unawareness of AEDPA's statute of limitations does not justify equitable tolling. *Jackson v. United States*, No. 3:10-CR-0286-K, 2016 WL 4427487, at *2 (N.D. Tex. Aug. 20, 2016) ("Like all individuals convicted after the enactment of the AEDPA, [the petitioner] had unfettered access to legal materials, including the AEDPA, for several years prior to his incarceration as well as access to counsel during State pretrial and trial proceedings."); *Felder*, 204 F.3d at 172–73 (rejecting a claim that an inadequate law library warranted equitable tolling). Equitable tolling is therefore not warranted in this case.

## CONCLUSION

After considering the pleadings and the applicable law, the undersigned **RECOMMENDS** that Chief Judge Lynn **DISMISS** the Petition for Writ of Habeas Corpus (ECF No. 1) **with prejudice** as time-barred.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an

objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed July 12, 2018.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE